IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON MAFFEI, JR.,; SHELLY MAFFEI; RODNEY NEW; JUDITH ANN NEW; MIKE LUSK; CAROL ANN LUSK; JOHN BRINCKERHOFF,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALLSTATE CALIFORNIA INSURANCE COMPANY; ALLSTATE INSURANCE COMPANY; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>        Defendants. | 2:05-cv-2197-GEB-PAN<br><br><u>STATUS (PRETRIAL SCHEDULING) ORDER</u> |

The status (pretrial scheduling) conference scheduled in this case for February 21, 2006, is vacated since the joint status report ("JSR") submitted by the parties indicates that the following Order should issue.

<u>DOE DEFENDANTS</u>

Since Plaintiffs estimate in the JSR that "the Does' identities will be discovered within 60 days following initial

1

disclosures which will be mutually exchanged on February 21, 2006[,]" (JSR 2), Plaintiff has until April 24, 2006, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which could add a party to this action.  The motion must be noticed for hearing on the Court's earliest available law and motion date.  If leave is not sought as stated, this will automatically effectuate dismissal of Does 1 through 100 from this action.

## ADDED DEFENDANT'S OPPORTUNITY
## TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order," which request is not required to meet the good cause standard, provided it is made within this 30-day period.

## SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service is permitted, except with leave of Court, good cause having been shown.

No further joinder of parties is permitted, except with leave of Court, good cause having been shown.

Pursuant to the Order issued on January 25, 2006, Plaintiffs have until February 14, 2006, to amend their complaint.  No further amendment of pleadings is permitted, except with leave of Court, good cause having been shown.

## DISCOVERY[1]

All discovery shall be completed by December 20, 2007. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before July 20, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before August 20, 2007.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be February 20, 2007, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion</u>

---

[1] Although Plaintiffs requested in the JSR discovery modifications of what is prescribed in Fed. R. Civ. P. 30 and 33, they have not provided justification for their request.

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).
Further, failure to timely oppose a summary judgment motion may result
in the granting of that motion if the movant shifts the burden to the
nonmovant to demonstrate a genuine issue of material fact remains for
trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)   The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)   The Court committed clear error or the initial decision was manifestly unjust; or

(3)   There is an intervening change in controlling law.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for April 23, 2007, at 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

1       The parties are warned that <u>non-trialworthy issues could be
2 eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no
3 material facts are in dispute and that the undisputed facts entitle
4 one of the parties to judgment as a matter of law." <u>Portsmouth Square
5 v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

6       The parties shall file a <u>JOINT</u> pretrial statement with the
7 Court not later than seven (7) days prior to the final pretrial
8 conference.[4]  The joint pretrial statement shall specify the issues
9 for trial.  The Court uses the parties' joint pretrial statement to
10 prepare its final pretrial order and could issue the final pretrial
11 order without holding the scheduled final pretrial conference.  <u>See
12 Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
13 requirement that the court hold a pretrial conference.").  The final
14 pretrial order supersedes the pleadings and controls the facts and
15 issues which may be presented at trial.  Issues asserted in pleadings
16 which are not preserved for trial in the final pretrial order cannot
17 be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
18 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
19 pretrial order are eliminated from the action."); <u>Valley Ranch Dev.
20 Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
21 issue omitted from the pretrial order is waived, even if it appeared
22 in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
23 (D.D.C. 1995) (refusing to modify the pretrial order to allow

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

5

assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

## TRIAL SETTING

Trial is set for July 24, 2007, commencing at 9:00 a.m.

## MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated:  February 14, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge